IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODRIGO OLAZABAL  :  <br> :  <br> **Plaintiff**  :  <br> :  <br> v.  :  <br> :  <br> TUCKER ROCKY DISTRIBUTING, INC., and  :  <br> ED TUCKER DISTRIBUTOR, INC.  :  <br> :  <br> **Defendants**  :  | 3:09-cv-2277 <br> (JUDGE MARIANI) |

## MEMORANDUM OPINION

On August 13, 2012, Defendants filed a Motion to Quash the Notice of Deposition and Anticipated Subpoena of Dr. Bezad Bavarian (Doc. 29). Plaintiff and Defendants filed briefs in support of their respective positions, and the matter is ripe for adjudication.

## BACKGROUND

This action is brought by Plaintiff to recover from injuries he allegedly suffered following a motorcycle accident in Argentina, when several bolts purchased from Defendants and installed on his motorcycle are alleged to have failed. It is further alleged that Defendants hired Dr. Bezad Bavarian ("Bavarian") to examine the identical bolts involved after Defendants were first made aware that there may be a problem with their product. Plaintiff contends that Bavarian was not retained "in anticipation of litigation," but was instead hired to provide consulting advice with regard to a possible voluntary product recall.

On March 30, 2012, the Court issued an order requiring Defendants to turn over three reports drafted by Bavarian concerning tests he conducted on bolts similar to those that allegedly failed during Plaintiff's accident. After vigorous briefing, and a telephonic hearing, the Court determined that Bavarian was not retained "in anticipation of litigation" as that term is defined in the Third Circuit. See *In re Grand Jury Proceedings*, 604 F.2d 798 (3d Cir. 1979)(in anticipation of litigation constitute those documents that could "be fairly said to have been prepared or obtained because of the prospect of litigation"); see also *Montgomery County v. MicroVote, Corp.*, 175 F.3d 296 (3d Cir. 1999)(Greenberg, J., concurring). This Court's March 30, 2012 Order (Doc. 28) provided a complete analysis as to why Defendants' argument that Bavarian was retained "in anticipation of litigation" was incorrect. Defendants now seek to prevent Bavarian from being deposed, and filed the instant motion.

## DISCUSSION

Defendants argue that this Court should quash the subpoena seeking Bavarian's deposition on identical grounds to those upon which they previously objected to the production of Bavarian's reports. In essence, Defendants assert that Bavarian is a non-testifying expert, and that he cannot be compelled to sit for a deposition pursuant to Fed. R. Civ. P. 26(b)(4). Defendants further argue that Bavarian's examination of bolts similar to those involved in Plaintiff's accident, but not the actual bolts themselves, is irrelevant in light

2

of the fact that Plaintiff's own expert was able to conduct metallurgic tests upon the actual bolts that were fastened to Plaintiff's motorcycle.

With regard to Defendants' objection to Bavarian's deposition under Fed. R. Civ. P. 26(b), the pertinent language of the rule is instructive:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

Fed. R. Civ. P. 26(b)(4)(D)(emphasis added).

It is important to note the use of the conjunction "and" in Rule 26, and to acknowledge that the rule only applies to "an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial," and "who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). It is thus not enough that Bavarian is a non-testifying expert because he does not satisfy the concurrent requirement that he be retained "in anticipation of litigation." Accordingly, Rule 26 cannot be used by Defendants to shield Bavarian from being deposed.

The record further indicates that the parties have submitted no additional evidence that would suggest Bavarian was hired in anticipation of litigation since the issuance of the Court's Order to Compel on March 31, 2012.[1] The Court, then, sees no basis to distinguish its prior ruling that the Bavarian reports were discoverable. Thus, Bavarian's opinions and

---

[1] The Court notes the resubmission of the Deposition of Brian J. A. Berney by both parties, which was also relied upon by the Court in the decision to issue the Order to Compel of March 31, 2012.

3

related knowledge and information are likewise discoverable because he was not retained "in anticipation of litigation."

The Court further finds Defendants' argument that Bavarian's deposition is unnecessary and irrelevant because he did not examine the actual bolts involved in Plaintiff's accident to be unpersuasive. Bavarian examined bolts that were identical to those involved in Plaintiff's accident. This type of circumstantial evidence is admissible, although not essential, in a products liability action. *See Dansak v. Cameron Coca-Cola Bottling Co., Inc.*, 703 A.2d 489, 496 (Pa. Super. 1997)("similar accidents involving the same product" admissible as evidence). Similarly, an examination of identical bolts tested for market fitness in relation to a possible recall would be admissible circumstantial evidence used to suggest the possibility of negligence. Although Plaintiff's expert was able to obtain and conduct testing upon the actual bolts involved in the accident, Plaintiff should still be able to examine an expert hired by a distributor to test the sufficiency of the same product in relation to a possible product recall or a decision to restructure the product's design.

## CONCLUSION

For the reasons set forth in this memorandum opinion, Defendants' Motion to Quash (Doc. 29) will be **DENIED**.

DATE: December 6, 2012

Robert D. Mariani
United States District Judge

4